# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-941V

| | |
|---|---|
| L.B.,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2025 |

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, Washington, DC, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### ORDER GRANTING MOTION FOR REDACTION[1]

On June 23, 2023, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that following her receipt of an influenza vaccine on December 4, 2020, she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition, ECF No. 1. The case was assigned to the Office of Special Masters ("OSM")'s Special Processing Unit ("SPU").

On April 30, 2025, I issued a Fact Ruling ("Ruling") finding Petitioner had satisfied the statutory six-month severity requirement. ECF No. 37. The Ruling contained a discussion of Petitioner's medical records, including references to specific entries bearing on symptomatology, treatment, and diagnosis, along with other details as necessary to

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

rule on severity. *See generally id.* On May 14, 2025, Petitioner filed a timely Motion for Redaction. ECF No. 38. Respondent did not file a response or otherwise object to Petitioner's Motion.[3] Petitioner thereafter filed a Reply. ECF No. 41. **For the following reasons, Petitioner's Motion for Redaction (ECF No. 38) is GRANTED.**

## I.    Petitioner's Motion for Redaction

Petitioner requests redaction of her full name to her initials in the Ruling's case caption and its body. ECF No. 38. Alternatively, Petitioner requests certain medical details contained in the Ruling be redacted, "on the basis that they are unnecessarily specific, medically reductive, and potentially stigmatizing, while offering little or no material relevance to the outcome of the matter." *See id.* ¶¶ 5-7. Specifically, Petitioner requests the reference to "scabies" be redacted and replaced with the more neutral and already-used phrase of "uncertain skin condition," so to avoid language "that may inadvertently stigmatize or mispresent Petitioner's medical history." *Id.* ¶¶ 6, 9.[4]

In support of her request for redaction, she explains that she provides mental health counseling services, and she thus seeks to redact her name to initials to protect her "professional reputation and avoid undue emotional distress and stigma that could arise in the event her employer or patients learned of her own mental health struggles and medical history." ECF No. 38 ¶ 10. Petitioner characterizes redaction of her name to initials as the "simplest way to protect Petitioner from harm, while affording the public access to the Court's substantive analysis of the evidence, injury and vaccination at issue." *Id.* ¶ 14. As noted, Respondent has not taken a position regarding the request for redaction.

---

[3] Upon the filing of Petitioner's Motion for Redaction, an automatic deadline of May 28, 2025, was set for Respondent's Response. *See* ECF No. 38. Respondent subsequently missed this deadline and has not filed a Response to date. Notably, Respondent filed a status report on May 29, 2025 (one day after his Response deadline), regarding how he intends to proceed in this case, but he did not address Petitioner's Motion for Redaction. ECF No. 40.

[4] Petitioner's request for redaction of specific medical details appears to be limited to the notation of scabies. ECF No. 38 ¶¶ 6, 9. However, she seemingly takes this Motion for Redaction as an opportunity to note objections to language used in my April 30, 2025 Fact Ruling on severity. For instance, she addresses the use of the term "uterine biopsy" and argues that my discussion thereof "understate[d] the severity" of Petitioner's condition and the treatment required, which risks "minimizing the physical and emotional toll of her condition and may lead to inaccurate inferences about the gravity of her health status during the period under review." *Id.* ¶ 7. She also notes that the Ruling refers to the absence of continued medical documentation regarding an ongoing shoulder injury and stresses "it is essential to recognize that this absence [of ongoing care] must be viewed in the context of her serious, overlapping medical crises," including cancer. *Id.* ¶ 8. However, in noting these objections, Petitioner does not seem to be requesting *redaction* of those details – as she then reiterates her request for the redaction of the "notation to scabies." *See,* e.g., *id.* ¶ 9. To the extent that Petitioner makes these arguments in support of a future award of damages, I acknowledge these points and note that such facts will be relevant to a determination that goes beyond that of the issue of six-months severity (i.e., potential pain and suffering).

**II.     Legal Standard**

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

Indeed, the *Langland* approach acknowledges that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. *Windhorst v. Sec'y of Health & Hum. Servs.,* No. 13-647V, 2017 WL 728045, at *2 (Fed.

3

Cl. Spec. Mstr. Jan. 10, 2017). Further, "special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee places his or her medical condition in contention by filing a claim." *Windhorst,* 2017 WL 728045, at *2.

With using either the *Langland* or *W.C.* approach, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See,* e.g., *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's *general* concern for privacy – something undoubtedly shared by many vaccine case petitioners – is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *W.C.*, 100 Fed. Cl. at 461; *see also Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *11 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (denying redaction to an adult who had "not alleged the existence of any special circumstances that would justify her request," and emphasizing that the Vaccine Act did not give petitioners "a categorical right to anonymity").

In many cases, redaction is deemed appropriate because the petitioner shows some nexus with the medical profession, and a related concern that disclosure of the claim could result in bias against the individual. *M.A. v. Sec'y of Health & Hum. Servs.,* No. 18-103V, 2020 WL 7137075 (Fed. Cl. Spec. Mstr. Aug. 21, 2020) (granting redaction when the petitioner established he was concerned about his employment (and thus financial) security if his employer (a large medical provider with knowledge of the Vaccine Program) were to learn of the existence or extent of his vaccine-related injury). But this cannot be the sole circumstances in which redaction is allowed. Indeed, privacy concerns of incarcerated individuals have also been considered. *T.R. v. Sec'y of Health & Hum. Servs.,* No. 23-730V, 2024 WL 4635581 (Fed. Cl. Spec. Mstr. Sept. 24, 2024) (granting redaction to an incarcerated petitioner who was concerned of safety risks if his shoulder injury were revealed to his fellow inmates).

At bottom, and as the Court of Federal Claims recently confirmed, "[e]ach request for redaction must be made by applying the specifics in the case in which the redaction

request is made, and . . . provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Hum. Servs.*, No. 17-0722V, 2023 WL 6295167 Fed. Cl. 142, 156 (Fed. Cl. 2023) (finding petitioner's potential employment harm was not found to be remote, as she established she was planning to pursue a career in microbiology, immunology, and vaccines, and thus the existence and disclosure of her mental health conditions, medications, or her vaccine-related claim would harm those employment prospects and create an unwarranted invasion of privacy).

Absent a similar "hook," the mere claim that it is *possible* a person would face difficulties if the fact of a case was disclosed amounts to speculation. And the standard for redaction should not simply be to allow it whenever "the petitioner asks for it" (since to do so would be to deny relief to claimants solely because they fail to make such a request). At the same time, however, the Court of Federal Claims has more often than not allowed redaction whenever requested, reversing the special masters when they deny it. This does somewhat create a redaction approach that is arguably too lenient, running against the standards for redaction applied elsewhere in federal court cases simply because Vaccine Act cases involve personal medical details. But I must act with awareness of the "ecosystem" in which I resolve these motions.

## Analysis

Petitioner has shown that redaction is warranted – as the Ruling in question indeed reveals personal medical details that do not add material relevance to the *outcome* of the matter but rather are potentially stigmatizing. Petitioner's redaction request is not rooted in a concern about possible adverse treatment by the general public, or the mere desire to maintain her privacy in bringing this matter. Rather, she reasonably focuses on her personal and employment circumstances if details of her medical (and, at times, mental health) history were made known to the public – thus distinguishing her from other claimants in the Program.

In addition, this case involves a SIRVA, a very common kind of injury in the Program today. It thus is not a matter where the complex nature of science involved in adjudicating the matter calls out for public disclosure of the case's disposition specific to this Petitioner. The proposed relief, of simply reducing Petitioner's full name to her initials in the Ruling, is appropriately tailored here.

**Conclusion**

For the reasons set forth above, **Petitioner's Motion (ECF No. 38) is <u>GRANTED</u>. A redacted version of the Fact Ruling (ECF No. 37) shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master