# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-941V

| | |
|---|---|
| LISA BAKKE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 23, 2025 |

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On June 23, 2023, Lisa Bakke filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on December 4, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 4, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 48. On September 23, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$35,000.00 in pain and suffering and $513.83 in past unreimbursable expenses. Proffer at 2, ECF No. 53. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $35,513.83 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA BAKKE,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | Case No. 23-941V (ECF)<br>CHIEF SPECIAL MASTER<br>CORCORAN |

## AMENDED PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On June 23, 2023, Lisa Bakke ("petitioner") filed a petition for compensation ("Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("the Vaccine Act" or "the Act"). Petitioner alleges that as a result of an influenza ("flu") vaccine that was administered on December 4, 2020, she suffered a left shoulder injury related to vaccine administration ("SIRVA"). Pet. at 1; Petitioner's Exhibit ("Ex.") 1 at 5-6; Ex. 12 at 1-4.

On September 9, 2024, respondent filed his Rule 4(c) Report defending this case on the six-month severity requirement. ECF No. 32 at 8-9. On April 30, 2025, the Court issued its Findings of Fact determining that petitioner satisfied the six-month severity

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

requirement. ECF No. 37 at 7-9. On August 1, 2025, respondent filed an Amended Rule 4(c) Report, stating that respondent would not defend the case further and requesting that the Court issue its entitlement decision. ECF No. 47 at 7-9. On August 4, 2025, the Court issued its Ruling on Entitlement. ECF Doc. 48.[2]

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.     Pain and Suffering

Respondent proffers that petitioner should be awarded **$35,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$513.83.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[2] This proffer is subject to respondent's right to appeal the Court's Findings of Fact and Ruling on Entitlement.

### III. Form of the Award/Recommended Payment

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

> A lump sum payment of $35,513.83, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lisa Bakke.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: September 19, 2025

3